IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROCKEFELLER PHOTOS, LLC,** | **CIVIL ACTION NO.:** |
| Plaintiff, | JUDGE: |
| v. | |
| **BGL GROCERS, INC. d/b/a LISHMAN'S CITY MARKET and d/b/a CASH SAVER,** | **MAGISTRATE JUDGE:** |
| Defendant. | |

## COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendant BGL Grocers, Inc. d/b/a Lishman's City Market and d/b/a Cash Saver ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2. Defendant is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business located at 4020 Pontchartrain Dr., Slidell, LA 70458. Defendant's agent for service of process is Bobby G. Lishman, 301 Highland Bluff Dr., Slidell, LA 70461.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." Isbell v. DM Records, Inc., No. 3:02-CV-1408-G, 2004 U.S. Dist. LEXIS 10394, at *41 (N.D. Tex. June 4, 2004) ("Because the court has determined that it has personal jurisdiction over DM, DM 'may be found' in this district and venue is therefore proper."). "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." Isbell v. DM Records, Inc., No. 3:02-CV-1408-G, 2004 U.S. Dist. LEXIS 10394, at *41 (N.D. Tex. June 4, 2004) ("Because the court has determined that it has personal jurisdiction over DM, DM 'may be found' in this district and venue is therefore proper.").

**FACTS**

**I.     Plaintiff's Business and History**

6. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

7. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

## II. The Work at Issue in this Lawsuit

8. One or more professional photographers employed by Plaintiff's above-named customer created multiple photographs of food items (collectively referred to herein as the "<u>Work</u>") which were allegedly infringed by Defendants as set forth herein. Attached hereto as **<u>Exhibit "A"</u>** is a spreadsheet which identifies each photograph comprising the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

9. Each photograph comprising the Work was registered by the above-named customer with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of each Certificate of Registration pertaining to the Work are attached hereto as **<u>Exhibit "B."</u>**

10. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

11. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. <u>See</u> 17 U.S.C. § 501(b).

## III. Defendant's Unlawful Activities

12. Defendant owns and operates multiple grocery stores in Louisiana, including Lishman's City Market in Lacombe and Cash Saver in Slidell.

13. Defendant advertises/markets its business through its website (https://lishmanscitymarket.com/ and https://www.cashsaverslidell.com/), social media (e.g., https://www.facebook.com/LishmansCityMarket and https://www.facebook.com/CashSaverSlidell/), and other forms of advertising.

14. On multiple dates after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing its business.

15. True and correct copies of screenshots of Defendant's website, webpage, social media, and/or print media, displaying the copyrighted Work, are included in Exhibit "A" hereto.

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or print media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

17. Defendant utilized the Work for commercial use.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer first discovered Defendant's unauthorized use/display of one or more of the photographs comprising the Work in February 2024. Following such discovery, Plaintiff and/or its above-named customer notified Defendant in writing of such unauthorized use.

20. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

24. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

25. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

26. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

28. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©2024 AWG"), indicating that Defendant

understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

29. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

30. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

31. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

32. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

33. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated <u>July 25, 2025.</u>             <u>/s/ John E.W. Baay II</u>
                                                John E.W. Baay II (LA#22928)
                                                LABORDE SIEGEL, LLC
                                                701 Poydras Street
                                                Suite 4800
                                                New Orleans, LA 70139
                                                Telephone: 504.561.0400
                                                Facsimile: 504-561-1011
                                                Email: jbaay@LabordeSiegel.com
                                                Attorney for **Plaintiff Rockefeller Photos, LLC**